## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
## GREENVILLE DIVISION

LEO MAYS            PLAINTIFF

V.            NO. 4:14-CV-00049-DMB-DAS

EARNEST LEE; OFFICER DUDLEY;
ALECISA CHAPPLE; DIANA WHITE;
RONALD KING; M. TURNER; and LT.            DEFENDANTS
SHANN HAMPTON

### MEMORANDUM OPINION

This matter comes before the court on the *pro se* prisoner complaint of Leo Mays, who challenges the conditions of his confinement under 42 U.S.C. § 1983. For the purposes of the Prison Litigation Reform Act, the court notes that the plaintiff was incarcerated when he filed this suit. Mays alleges that the defendants violated his right to due process in handling a Rule Violation Report for possession of marijuana. For the reasons set forth below, the instant case will be dismissed for failure to state a claim upon which relief can be granted.

### I.
### Allegations

On January 6, 2014, Warden Ronald King and Deputy Warden Turner led a shakedown of Unit 29-B at the Mississippi State Penitentiary. Sergeant Dudley[1] searched Mays's cell and allegedly discovered a package of marijuana wrapped in paper and covered in plastic. Dudley did not inspect the contents of the parcel, but smelled the package to determine whether its contents consisted of marijuana. Turner then ordered Officer Alecisa Chapple to issue Mays a Rule Violation Report for possession of marijuana. The next day, Chapple wrote a Rule Violation Report, which Mays contends contained two administrative errors: (1) failure to state

---

[1] Dudley's first name does not appear in the record.

where the marijuana was found, (2) failure to state where the evidence was stored for the 24 hours after its confiscation.

Lt. Shann Hampton presided over a January 16, 2014, disciplinary hearing on the alleged violation. During the hearing, Mays pointed out the administrative errors and asked that the Rule Violation Report be dismissed. Instead, Hampton simply corrected the errors and found Mays guilty based upon the officer's statement. Mays's punishment was loss of 180 days of earned good time.

## II.
## Earned Time

The plaintiff contends that defendants violated his constitutional rights by stripping him of earned time credits which count toward his early release from confinement. Section 1983 is an inappropriate vehicle for an inmate to seek recovery of lost earned time credits. *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973). Similarly, it is improper for an inmate to sue for damages under § 1983 where success on the merits of the inmate's claim would "necessarily imply" invalidity of confinement. *Heck v. Humphrey*, 512 U.S. 477, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994). The Supreme Court has applied the holding of *Heck* to inmates challenging the loss of earned time credits through prison disciplinary proceedings. *Edwards v. Balisok*, 520 U.S. 641, 648 (1997). In such cases, the inmate's available remedy is to petition for a writ of *habeas corpus*.

The Fifth Circuit has held that, "if a favorable determination would not automatically entitle the prisoner to accelerated release, the proper vehicle for suit is § 1983. If it would so entitle him, he must first get a *habeas* judgment." *Clarke v. Stalder*, 121 F.3d 222, 226 (5th Cir. 1997), *rev'd on other grounds*, 154 F.3d 186 (1998), *cert. denied*, 525 U.S. 1151 (1999). Because Mays, if successful in the instant case, would be entitled to accelerated release, he must

2

obtain *habeas corpus* relief before bringing suit under § 1983. Accordingly, this case will be dismissed for failure to state a claim upon which relief could be granted.

SO ORDERED, this the 19th day of May, 2014.

**/s/ Debra M. Brown**
**UNITED STATES DISTRICT JUDGE**